ACCEPTED
07-14-00353-CR
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
2/6/2015 9:21:24 AM
Vivian Long, Clerk

THE APPELLANT WAIVES ORAL ARGUMENT

NO. 07-14-00353-CR

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS

2/6/2015 9:21:24 AM

VIVIAN LONG
CLERK

IN THE COURT OF APPEALS
FOR THE SEVENTH SUPREME JUDICIAL DISTRICT
AT AMARILLO, TEXAS

MICHAEL RAY KENNEDY,
Appellant

VS.

THE STATE OF TEXAS,
Appellee

Appeal in Cause No. 67,789-E
In the 108th District Court
of Potter County, Texas

**APPELLANT'S BRIEF**

DONALD F. SCHOFIELD
ATTORNEY FOR APPELLANT
112 West 8th Avenue, Suite 530
Amarillo, Texas 79101
State Bar No. 17800500
Telephone No. (806) 373-0030
FAX No. (806) 379-6760
E-Mail: dsatty1@att.net

Office of RANDALL C. SIMS
47th District Attorney
ATTORNEY FOR STATE
501 S. Fillmore, Suite 5A
Amarillo, Texas 79101

NO. 07-14-00353CR


MICHAEL RAY KENNEDY,
                                        Appellant
                    VS.

THE STATE OF TEXAS,
                                        Appellee

NAMES OF ALL PARTIES


JUDGE PRESIDING:                      APPELLANT:
HONORABLE DOUGLAS WOODBURN            MICHAEL RAY KENNEDY
108th Judicial District Court        TDCJ NO. 01968578
Amarillo, Texas   79101              Byrd Unit
                                     21   FM   247
                                     Huntsville, Texas   77320


ATTORNEY FOR APPELLANT               ATTORNEY FOR APPELLANT
AT TRIAL:                            ON APPEAL:
DAVID MARTINEZ                       DONALD F. SCHOFIELD
1663 Broadway Street                 112 West 8th Avenue, Suite 530
Lubbock, Texas   79401              Amarillo, Texas 79101
                                     E-Mail: dsatty1@att.net


ATTORNEY FOR STATE AT TRIAL
AND ON APPEAL:
RANDALL C. SIMS
Potter County District Attorney
501 S. Fillmore, Suite 5A
Amarillo, Texas   79101

JASON HORN,
Assistant District Attorney

JOHN (JACK) OWEN,
Assistant District Attorney

i

## TABLE OF CONTENTS

NAMES OF ALL PARTIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   i

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ii-iii

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   iv

APPELLANT'S BRIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1-20

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2-3

ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

*Issue One*

**The trial court abused its discretion and thereby deprived the Appellant of both due process and equal protection of law when it denied the Defense petition to allow the impreachment of two witnesses with evidence of a prior crime or crimes of moral turpitude as permitted by Rule 609(a), Tex. Rules of Evidence.**

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4-8

ISSUE ONE (RESTATED). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . .   9

ARGUMENT AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . .   9-15

CONCLUSION AND PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . .   15-16

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . .   17

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . .   17

ii

## APPENDICES

APPENDIX A – Section 12.42, Tex. Penal Code. . . . . . . . . . . . . . . . . . . .    18
APPENDIX B – Section 22.02, Tex. Penal Code. . . . . . . . . . . . . . . . . . .    19
APPENDIX C – Rule 609, Tex. Rules of Evidence. . . . . . . . . . . . . . . . .    20

iii

# INDEX OF AUTHORITIES

Cases                                             Page

***Bensaw v. State***,
     88 S. W. 2d 495 (Tex. Crim. App. 1935). . . . . . . . . . . . . . . . . . . .   13

***Bryant v. State***,
     997 S. W. 2d 673 (Tex. App. – Texarkana 1999). . . . . . . . . . . . .   13

***Dallas County Bail Bond Bd. v. Mason***,
     773 S. W. 2d 586 (Tex. App. – Dallas 1989, no writ). . . . . . . . . .   15

***Hardeman v. State***,.
     868 S. W. 2d 404 (Tex. App. – Austin 1993). . . . . . . . . . . . . . . .   12,13

***Lester v. State***,
     366 S. W. 3d 214 (Tex. App. – Waco 2011). . . . . . . . . . . . . . . .   14

***Schmidt v. State***,
     373 S. W. 3d 856 (Tex. App. – Amarillo 2012). . . . . . . . . . . . . .   12,15

***Sherman v. State***,
     62 S. W. 2d 146 (Tex. Crim. App. 1933). . . . . . . . . . . . . . . . . . .   13

***Theus v. State***,
     845 S. W. 2d 874 (Tex. Crim. App. 1992). . . . . . . . . . . . . . . . . .   12,13,
                                                              14

Texas Statutes and Code

Texas Penal Code
     Section 22.02. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2
     Section 12.42. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

Texas Rules of Evidence
     Rule 609(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4,9,11

NO. 07-14-00353-CR


IN THE COURT OF APPEALS

FOR THE SEVENTH SUPREME JUDICIAL DISTRICT

AT AMARILLO, TEXAS


MICHAEL RAY KENNEDY,
                              Appellant

VS.

THE STATE OF TEXAS,
                              Appellee

---

TO THE HONORABLE COURT OF APPEALS:

COMES NOW MICHAEL RAY KENNEDY, Appellant in Cause No. 67,789-E of the 108th Judicial District Court of Potter County, Texas, and submits this brief in the trial, judgment and sentence of the Appellant, and in support thereof, would respectfully show as follows:

1

## STATEMENT OF THE CASE

On October 30, 2013, the Appellant was indicted for the second-degree felony offense of "Aggravated Assault with a Deadly Weapon" which case was twice enhanced by prior felony convictions; therefore, the punishment range for the offense as indicted and enhanced is 25 years to life/99 years imprisonment and a fine of up to $10,000. (CR:7; for statue governing the offense see Section 22.02(a)(c), Tex. Penal Code; for statute governing the punishment range see Sec. 12.42(d), Tex. Penal Code.) The Appellant was appointed counsel on November 21, 2013 (CR:9) which attorney was removed by substitution of retained counsel on February 6, 2014 (CR:11-14); then, on March 21, 2014, the Appellant retained another attorney (CR:18, 22-23) which attorney remained with the Appellant throughout all proceedings.

A trial on all issues was conducted before a jury on September 2 through September 3, 2014 (Reporters Records). After hearing all evidence (the Appellant electing not to testify), and with no objections by either party to the court's charge (RR3:8), the panel was instructed as to the law by the trial judge. Then, after deliberation, a verdict of "guilty" was returned "as charged in the indictment." (RR3:52; CR:65) With the Appellant electing to have the jury assess punishment (CR:74), after the reading of the two enhancement paragraphs and the Appellant's

2

entry of pleas of "not true" to each, the panel heard evidence on the issues. (RR3:54-58; Note: The Appellant did not testify during this portion of the proceeding.) Again, with no objection to the charge, the trial court instructed the panel as to the law on punishment; the jury then retired to deliberate and subsequently returned a verdict of "29 years imprisonment" with a finding of "true" as to each enhancement paragraph. (RR3:59, 75) The trial judge sentenced the Appellant to the same term of imprisonment as assessed by the jury. (RR3:76; It should be noted that the court's *Nunc Pro Tunc* Judgment reflects a finding of a "deadly weapon" -- as indicted – CR:78.)

On September 29, 2014, the Appellant filed a Motion for New Trial (CR:90-91) with an Amended Motion for New Trial filed on October 2, 2014 (CR:92-133); the Amended Motion was denied by the trial court on October 8, 2014 (CR:138). A Notice of Appeal was filed by the Appellant on September 29, 2014, 2014 (CR:87-89) with the trial court certifying to the Appellant's "right to appeal" on September 5, 2014 (CR:60).

## ISSUES PRESENTED

*Issue One*

**The trial court abused its discretion and thereby deprived the Appellant of both due process and equal protection of law when it denied the Defense petition to allow the impeachment of two witnesses with evidence of a prior crime or crimes of moral turpitude as permitted by Rule 609(a), Tex. Rules of Evidence.**

## STATEMENT OF FACTS

The State began its presentation of evidence by tendering an eye-witness to the event who testified that she was in her yard with her husband and grandchildren when she heard "yelling and arguing". (RR2:112-113) She witnessed a male get into a silver pick-up and drive off; the witness also testified that she observed the male put what looked like a gun to a female's head and threaten an assault. (RR2:114) The State introduced the 911 call made by the witness (RR2:117; RR4:St.Ex.No.1); the witness also testified that she did not want to testify as she was "afraid" (RR2:121). On cross-examination the witness admitted to a prior theft conviction (RR2:122) and agreed that she told the 911 operator that she, "did not see the girl". (RR2:122). This person also stated that the assailant shot the gun as he drove off. (RR2:1223, 130) The Appellant was identified as the assailant.

4

(RR2:131)

The next witness to testify for the State was the husband of the previous witness who stated that he "saw nothing". (RR(134) This witness testified that although he never saw a man or woman at the scene; he did, however, hear two adults arguing. (RR2:137) The State's next witness was a police officer who investigated an incident between the Appellant and the alleged victim which witness stated that the alleged victim appeared "upset, shaken and afraid" and believed that the victim "had a small cut below the right eye". (RR2:144) The witness explained how he went to an address he was told the Appellant would be located but only found the Appellant's mother at the site. (RR2:149-150) The witness also used photographs to point out a motor vehicle identified by the victim as belonging to her which vehicle was damaged and had what appeared to be a bullet hole in the headrest. (RR2:147-148, 152-153)

The alleged victim to the assault next testified and admitted to multiple criminal convictions. (RR2:174-175) This witness testified that she was dating the Appellant (RR2:176) and broke-up the relationship which upset the Appellant. (RR2:177) The witness stated that the Appellant drove to the residence that she and the Appellant occupied ; the Appellant damaged her vehicle and then "pointed a gun at her and said he was doing to shoot". (RR2:183-186) The

5

witness admitted that both she and the Appellant were "high" at the time of the assault. (RR2:189) On cross-examination the witness admitted to other prior convictions; however, the trial judge disallowed evidence of two prior misdemeanor offenses, one including an allegation of "possession of prohibited weapon". (RR2:192-200) The witness also testified that she was not injured on the date of the alleged aggravated assault. (RR2:200-201)

The next witness was another investigating police officer who stated that he responded to an "assault call" which, when he arrived at the scene of the reported incident, he found the alleged victim "frantic and scared". (RR2:206, 208) He attempted to locate the Appellant and drove to a residence occupied by the Appellant's mother; however, the Appellant was not at the scene. (RR2:209-210) The witness insisted that the place of the alleged aggravated assault could be seen from the residence of the female eye-witness. (RR2:214, 216, 218) Another police officer also testified and stated that the victim at first did not desire to talk as she was "afraid of retaliation". (RR2:223-224) This same witness also spoke with the Appellant which interview was received into evidence without objection. (RR2:226; RR4:St.Ex.No. 19) The witness recollected that the Appellant admitted to an encounter with the alleged victim and admitted to jumping on the hood of the victim's motor vehicle. (RR2:226-227) The Appellant stated he may have

6

"pointed a finger at the victim"; however, he denied having a gun.   (RR2:228)

The State then rested its case.   (RR2:233)

The Defense began its presentation with the testimony of a female who stated that she was with the Appellant on the day of the alleged assault and drove with him to the site where the alleged victim was located.  (RR2:234-236)  This witness stated that when she and the Appellant arrived at the scene the alleged victim approached their truck screaming at the Appellant.  (RR2:235-237)  The alleged victim attempted to spit on the witness at which time the witness "lost it" and "went at her" (RR2:237)   The witness testified that the only confrontation between the Appellant and the alleged victim was the Appellant attempting to keep the witness and victim apart from each other.  (RR2:238)  The witness admitted to being on felony parole at the time of the incident.  (RR2:239)  She did not observe the Appellant "pull a gun" on the victim.  (RR2:242)  The witness denied that the Appellant told her to lie for him.   (RR2:264)

The next witness to testify for the Appellant was the Appellant's mother who testified that on the date of the alleged offense the Appellant was working on the repair of houses for her.  (RR2:267)   Again, the witness denied that the Appellant asked her to falsify her testimony.  (RR2:281, 284)   Four photographs of the scene of the incident were admitted through the testimony of this witness.   (RR3:16-19;

7

RR4:Def.Ex.Nos.13, 14, 15, 16)

The Defense then rested its cases.   (RR3:30)

After charging the jury as to the law, the parties gave argument and the panel retired to deliberate.   (RR3:21-51)   A verdict of "guilty as charged in the indictment" was subsequently returned by the jury.   (RR3:52)

The trial court immediately began a Punishment Hearing at which two enhancement paragraphs were read and to which the Appellant entered pleas of "not true".   (RR3:54-55)   The State then introduced without objection ten prior conviction packets including evidence of the two offenses used to enhance the indictment.   (RR3:56-58; RR4:St.Ex.Nos.24-33)   The State then rested its case as did the Defense.   (RR3:58)   Then, after charging the jury as to the law, both parties again argued their positions and the panel retired to deliberate.   A verdict of "true" to each enhancement paragraph was returned as was a judgment of twenty-nine (29) years imprisonment in the Institutional Division, Texas Department of Criminal Justice.   (RR3:75)

## ISSUE ONE (RESTATED)

*Issue One*

**The trial court abused its discretion and thereby deprived the Appellant of both due process and equal protection of law when it denied the Defense petition to allow the impeachment of two witnesses with evidence of a prior crime or crimes of moral turpitude as permitted by Rule 609(a), Tex. Rules of Evidence.**

## SUMMARY OF THE ARGUMENT

The trial court improperly excluded from evidence prior misdemeanor convictions of two material witnesses although the convictions met the criteria for admission as set-out by Rule 609(a), Tex. Rules of Evidence.

## ARGUMENT AND AUTHORITIES

At <u>a pre-trial hearing</u> the trial judge heard from both the State and the Defense on the issue of prior convictions relative to anticipated witnesses. Relevant to the Appellant's Point of Error, the State pointed out that an eye-witness to the alleged offense, "has been previously arrested in the past several times for Misdemeanor Class B theft by check; however, none of those were theft convictions. All of those were actually reduced down to Class C, Issuance of a Bad Check. . . ." (RR2:10)

9

The State objected to the use of the convictions as "not (being) a crime of moral turpitude, and, therefore, would not be admissible" (RR2:10); the Defense argued that, "I think issues of bad checks are crimes of moral turpitude. . . (RR2:11)." The trial court agreed with the State and ruled that, "I'm not going to let them in. . . (RR2:11; For copies of the three charging instruments and judgments disallowed by the trial court see Appellant's "Motion for New Trial", CR:92-133 with attached sworn affidavit of the trial attorney and exhibit nos. B, C, and D, respectively )."

Then, <u>during trial and on cross-examination</u> of the <u>alleged victim</u> to the assault the following exchange took place:

> Q (by Defense attorney).   Did you also get convicted of carrying a prohibited weapon in - -
>
> MR. HORN (State's Attorney):   Objection, Your Honor. may we approach?
>
> THE COURT:   Sure.
>
> MR. MARTINEZ (Defense Attorney):   Judge, this girl has two - - this young lady has two more - -
>
> THE COURT:   Well, we talked about this before this ever started and you said those are the only ones that you had.
>
> MR. MARTINEZ:   Right.   And I found out she has two more;   possession of prohibited weapon and substance -  - prohibited weapon convictions in misdemeanor court and County Court at Law.
>
> THE COURT:   Okay.   I'm not going to allow it. You've already said what you said.   I'll instruct the Jury

10

to disregard.

(Open court)

THE COURT:   Ladies and Gentlemen, you're instructed to disregard that last question.

(RR2:200; For a copy of the charging instrument and judgment addressed by the trial court see Appellant's "Amended Motion for New Trial", CR:92-133 with attached sworn affidavit by the trial attorney and attached exhibit no. E).

The Appellant asserts that the trial judge abused his discretion in both instances when he sustained the State's objection to the use of the prior convictions (i.e., three "theft by check" convictions" of a material witness; and, the conviction of "theft of property", count II of a judgment against the alleged victim to the assault) and thereby deprived the Appellant of both due process and equal protection of law.   Therefore, the Appellant's conviction and sentence should be overturned and the case remanded to the lower court for a new hearing.

*     *     *

Rule 609(a), Tex. Rules of Evidence, reads, in part, as follows:

**Rule 609.   Impeachment by Evidence of Conviction of Crime**

(a)  **General Rule**.   For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record but only if the crime was a felony or involved moral turpitude, regardless of punishment, and the court deter-

11

mines that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

(b) **Time Limit.** Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interest of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

Of course, critical to the application of the above statute is an understanding of what constitutes a "crime of moral turpitude". In this regard, " 'Moral turpitude' has been defined as 'the quality of a crime involving grave infringement of the moral sentiment of the community as distinguished from statutory *mala prohibita*'." ***Hardeman v. State***, 868 S. W. 2d 404, 405 (Tex. App. – Austin 1993). Further refining this definition the Court of Criminal Appeals wrote, "The impeachment value of crimes that involve deception is higher than crimes that involve violence, as the latter have a higher potential for prejudice. Therefore, when a party seeks to impeach a witness with evidence of a crime that relates more to deception than not, the first factor weighs in favor of admission." ***Theus v. State***, 845 S. W. 2d 874, 881 (Tex. Crim. App. 1992); see also this Court's discussion of the application of the ***Theus*** criteria at ***Schmidt v. State***, 373 S. W. 3d 856, 862-863 (Tex. App. – Amarillo 2012). And "*theft*" has been held to be a

12

crime of moral turpitude. See ***Hardeman***, ***ibid.***, citing ***Bensaw v. State***, 88 S. W. 2d 495 (Tex. Crim. App. 1935); and, ***Bryant v. State***, 997 S. W. 2d 673 Z(Tex. App. – Texarkana 1999), citing ***Sherman v. State***, 62 S. W. 2d 146, 150 (Tex. Crim. App. 1933). Considering the latter, what is the consequence to this Appellant.

Addressing first <u>the alleged victim to the aggravated assault</u> (i.e., the trial court's refusal to allow the questioning of the witness with a prior conviction for a misdemeanor "theft of property" – see outline above and RR2:200, and, "Judgment (count II)" at "Motion for New Trial", pp. 116-118, CR:92-133, exhibit no.E), clearly "count II" of the Judgment is a conviction for "theft of property"; therefore, it is a "crime of moral turpitude" as defined by the Courts, above. Furthermore, the conviction is within the ten-year prohibition outlined by the statute. Then, applying the balance of the five-prong ***Theus*** test to the admission of the this offense--in particular "no. 5 the importance of the credibility issue"--***Theus*** 845 S. W. 2d at 880--the impeachment is directed at the critical witness of the State's case: the alleged victim. If, as written in ***Theus***, ***ibid.*** at 881, "As the importance of the defendant's credibility escalates, so will the need to allow the State an opportunity to impeach the defendant's credibility", then why should this standard not also apply to State's witnesses, in particular to the alleged victim of an assaultive

13

Crime.   To allow *only* the State to impeach would manifest lack of due process and equal protection of law.   Furthermore, there appears to be no reason for the trial court to have denied the Defense its opportunity to impeach the witness with this crime of theft other than that stated:   "  we talked about this before this ever started and you said those are the only ones (three other, prior convictions) that you had."   (RR2:200)   Considering the importance of the witness and that the impeachable offense is "theft," the Appellant urges that the trial court's ruling is outside "a zone of reasonable disagreement" and unsustainable.   See discussion of review issue at ***Theus***, 845 S. W. 2d at 881.

As pertains to <u>the State's eye-witness to the alleged indicted offense</u>, as stated in the record by the State's attorney, there is no State case known to the Appellant that specifically classifies "issuance of a bad check" as a "crime of moral turpitude." (Note: Trial Defense counsel argued that the three contested offenses alleged "intent to deprive" another of property; however, the each judgment waived the count alleging this element and convicted the witness for the offense of "issuance of a bad check," only.   See "Amended Motion for New Trial", CR:92-133, exhibit nos. B, C, and D.)   However, if, "Offenses involving 'dishonesty or false statement' are crimes involving moral turpitude" as acknowledged by the Court in ***Lester v. State***, 366 S. W. 3d 214, 215 (Tex. App. –

14

Waco 2011) citing ***Dallas County Bail Bond Bd. V. Mason***, 773 S. W. 2d 586, 589 (Tex. App. – Dallas 1989, no writ), do not dishonored checks fall within this definition?   Has not the person who issued the instrument acted "dishonestly" and with "false intent"?   Further, although one of the three convictions is outside the 10-year rule (i.e., the Judgment entered April 20, 2004, Exhibit No. E to Appellant's "Amended Motion for New Trial"), do not, "…   intervening subsequent convictions (attributable to this witness – i.e., other "bad check" convictions) remove the taint of remoteness".   See ***Schmidt***, 373 S. W. 3d at 863)? The Appellant would answer in the affirmative.

The Appellant argues that for the above outlined reasons the trial court abused its discretion when it failed to allow counsel to impeach two material State witnesses with crimes of moral turpitude as understood by Rule 609(a), Tex. Rules of Evidence.   Therefore, the Appellant's conviction should be reversed and a new trial granted to the Appellant in all matters.

*CONCLUSION and PRAYER*

WHEREFORE, PREMISES CONSIDERED, the Appellant prays that this Honorable Court find that the Trial Court erred as aforesaid argued by the Appellant and that his conviction and sentence be vacated and that a judgment of acquittal be

entered, or, in the alternative, that this cause be remanded to the Trial Court for a new hearing.

Respectfully submitted,

   /s/   Donald F. Schofield
DONALD F. SCHOFIELD
SBN: 17800500
112 West 8th, Suite 530
Amarillo, Texas 79101
Telephone: (806) 373-0030
FAX: (806) 379-6760
E-Mail: dsatty1@att.net
ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Brief was both E-Mailed and hand-delivered to:

OFFICE OF RANDALL C. SIMS,
47th District Attorney, Potter County
Attn:   JOHN (JACK) OWEN,
Asst. District Attorney
501 S. Fillmore, Suite 5A
Amarillo, Texas   79101

and mailed by Certified Mail to:

MICHAEL RAY KENNEDY
TDCJ No. 01968578
Byrd Unit
21   FM   247
Huntsville, Texas   77320
Certified Mail No.   7014   1820   0001   1872   1779

on this     6th     day of     February   , 2015.


      /s/   Donald F. Schofield
      DONALD F. SCHOFIELD


## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9.4, Tex. Rules of Appellant Procedure, I, DONALD F. SCHOFIELD, Attorney to the Appellant, Michael Ray Kennedy, do hereby certify that the Appellant's Brief is a computer generated document that contains the following number of words:     3,091     words.


      /s/   Donald F. Schofield
      DONALD F. SCHOFIELD

APPENDIX A

asked if he understood that trial court had found enhancement allegations true. Seagraves v. State (App. 6 Dist. 2011) 342 S.W.3d 176. Criminal Law ⊂= 273.1(4)

**12. Punishment**

Person who commits criminally negligent homicide through an omission would not necessarily use or exhibit a deadly weapon within the scope of the deadly weapon sentencing enhancement provision. Chambless v. State (App. 3 Dist. 2012) 368 S.W.3d 785, petition for discretionary review granted, affirmed 411 S.W.3d 498. Sentencing and Punishment ⊂= 80

## SUBCHAPTER D. EXCEPTIONAL SENTENCES

### § 12.41. Classification of Offenses Outside this Code

#### Research References

**ALR Library**

14 ALR 4th 227, Adequacy of Defense Counsel's Representation of Criminal Client Regarding Prior Convictions.

**Encyclopedias**

TX Juris, 3rd Criminal Law: Offenses Against Public Health, Safety and Morals § 130, Enhancement for Prior Conviction, Generally.

**Treatises and Practice Aids**

Charlton, 6 Tex. Prac. Series § 8.2, Exceptional Sentences.

Charlton, 6 Tex. Prac. Series App. A, Penal Code.

50 Tex. Prac. Series § 1:11, Enhanced Offenses and Penalties for Dwi Convictions.

50 Tex. Prac. Series § 15:5, Evidence to Enhance Punishment.

Dix and Dawson, 43A Tex. Prac. Series § 46:79, Enhancement Under the Controlled Substances Act.

Dix and Dawson, 43A Tex. Prac. Series § 46:95, Convictions for Offenses Outside the Penal Code.

### § 12.42. Penalties for Repeat and Habitual Felony Offenders on Trial for First, Second, or Third Degree Felony

(a) Except as provided by Subsection (c)(2), if it is shown on the trial of a felony of the third degree that the defendant has previously been finally convicted of a felony other than a state jail felony punishable under Section 12.35(a), on conviction the defendant shall be punished for a felony of the second degree.

(b) Except as provided by Subsection (c)(2) or (c)(4), if it is shown on the trial of a felony of the second degree that the defendant has previously been finally convicted of a felony other than a state jail felony punishable under Section 12.35(a), on conviction the defendant shall be punished for a felony of the first degree.

(c)(1) If it is shown on the trial of a felony of the first degree that the defendant has previously been finally convicted of a felony other than a state jail felony punishable under Section 12.35(a), on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 15 years. In addition to imprisonment, an individual may be punished by a fine not to exceed $10,000.

(2) Notwithstanding Subdivision (1), a defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life if:

(A) the defendant is convicted of an offense:

(i) under Section 20A.02(a)(7) or (8), 21.11(a)(1), 22.021, or 22.011, Penal Code;

(ii) under Section 20.04(a)(4), Penal Code, if the defendant committed the offense with the intent to violate or abuse the victim sexually; or

(iii) under Section 30.02, Penal Code, punishable under Subsection (d) of that section, if the defendant committed the offense with the intent to commit

a felony described by Su[...]
Penal Code; and

(B) the defendant has be[...]

(i) under Section 43.2[...]
43.23, Penal Code, punish[...]

(ii) under Section 20A[...]
Penal Code;

(iii) under Section 20.[...]
offense with the intent t[...]

(iv) under Section 30.[...]
that section, if the defen[...]
a felony described by Su[...]

(v) under the laws of[...]
tially similar to the elem[...]
or (iv).

(3) Notwithstanding Subdi[...]
capital felony if it is show[...]
otherwise punishable under [...]
previously been finally convic[...]

(A) an offense under S[...]
described by Section 22.02[...]
by Section 22.021(f)(2) and[...]

(B) an offense that was [...]

(i) contains elements[...]
offense under Section 22[...]

(ii) was committed ag[...]
committed against a vict[...]
substantially similar to a[...]

(4) Notwithstanding Subdi[...]
sion (3) for the trial of an[...]
subdivision, a defendant shal[...]
ment of Criminal Justice for[...]
offense under Section 20A.0[...]
defendant on or after the[...]
previously been finally convic[...]

(A) an offense under Se[...]

(B) an offense that was[...]
contains elements that are[...]
under Section 20A.03 or of[...]

(5) A previous conviction[...]
12.35(a) may not be used[...]

(d) Except as provided by S[...]
felony offense other than a sta[...]
the defendant has previously b[...]
second previous felony convicti[...]
first previous conviction havin[...]
punished by imprisonment in t[...]
for any term of not more than [...]
for a state jail felony punish[...]
enhancement purposes under t[...]

(e) Repealed by Acts 2011, 8[...]

exhibit a deadly weapon with-
the deadly weapon sentencing
rovision. Chambless v. State
012) 368 S.W.3d 785, petition
ry review granted, affirmed
. Sentencing and Punishment

NTENCES

Code

Tex. Prac. Series App. A, Pe-

2. Series § 1:11, Enhanced Of-
d Penalties for Dwi Convic-

ic. Series § 15:5, Evidence to
Punishment.

awson, 43A Tex. Prac. Series
Enhancement Under the Con-
bstances Act.

awson, 43A Tex. Prac. Series
Convictions for Offenses Out-
'enal Code.

**lony Offenders on Trial
elony**

iown on the trial of a felony
been finally convicted of a
ection 12.35(a), on conviction
id degree.

f it is shown on the trial of a
iously been finally convicted
under Section 12.35(a), on
if the first degree.

st degree that the defendant
ier than a state jail felony
fendant shall be punished by
stice for life, or for any term
iddition to imprisonment, an
000.

iall be punished by imprison-
r life if:

(1), 22.021, or 22.011, Penal

the defendant committed the
etim sexually; or

able under Subsection (d) of
nse with the intent to commit

a felony described by Subparagraph (i) or (ii) or a felony under Section 21.11, Penal Code; and

(B) the defendant has been previously convicted of an offense:

(i) under Section 43.25 or 43.26, Penal Code, or an offense under Section 43.23, Penal Code, punishable under Subsection (h) of that section;

(ii) under Section 20A.02(a)(7) or (8), 21.02, 21.11, 22.011, 22.021, or 25.02, Penal Code;

(iii) under Section 20.04(a)(4), Penal Code, if the defendant committed the offense with the intent to violate or abuse the victim sexually;

(iv) under Section 30.02, Penal Code, punishable under Subsection (d) of that section, if the defendant committed the offense with the intent to commit a felony described by Subparagraph (ii) or (iii); or

(v) under the laws of another state containing elements that are substantially similar to the elements of an offense listed in Subparagraph (i), (ii), (iii), or (iv).

(3) Notwithstanding Subdivision (1) or (2), a defendant shall be punished for a capital felony if it is shown on the trial of an offense under Section 22.021 otherwise punishable under Subsection (f) of that section that the defendant has previously been finally convicted of:

(A) an offense under Section 22.021 that was committed against a victim described by Section 22.021(f)(1) or was committed against a victim described by Section 22.021(f)(2) and in a manner described by Section 22.021(a)(2)(A); or

(B) an offense that was committed under the laws of another state that:

(i) contains elements that are substantially similar to the elements of an offense under Section 22.021; and

(ii) was committed against a victim described by Section 22.021(f)(1) or was committed against a victim described by Section 22.021(f)(2) and in a manner substantially similar to a manner described by Section 22.021(a)(2)(A).

(4) Notwithstanding Subdivision (1) or (2), and except as provided by Subdivision (3) for the trial of an offense under Section 22.021 as described by that subdivision, a defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life without parole if it is shown on the trial of an offense under Section 20A.03 or of a sexually violent offense, committed by the defendant on or after the defendant's 18th birthday, that the defendant has previously been finally convicted of:

(A) an offense under Section 20A.03 or of a sexually violent offense; or

(B) an offense that was committed under the laws of another state and that contains elements that are substantially similar to the elements of an offense under Section 20A.03 or of a sexually violent offense.

(5) A previous conviction for a state jail felony punishable under Section 12.35(a) may not be used for enhancement purposes under Subdivision (2).

(d) Except as provided by Subsection (c)(2) or (c)(4), if it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years. A previous conviction for a state jail felony punishable under Section 12.35(a) may not be used for enhancement purposes under this subsection.

(e) Repealed by Acts 2011, 82nd Leg., ch. 834 (H.B. 3384), § 6.

41

(f) For the purposes of Subsections (a), (b), and (c)(1), an adjudication by a juvenile court under Section 54.03, Family Code, that a child engaged in delinquent conduct on or after January 1, 1996, constituting a felony offense for which the child is committed to the Texas Juvenile Justice Department under Section 54.04(d)(2), (d)(3), or (m), Family Code, or Section 54.05(f), Family Code, or to a post-adjudication secure correctional facility under Section 54.04011, Family Code, is a final felony conviction.

(g) For the purposes of Subsection (c)(2):

(1) a defendant has been previously convicted of an offense listed under Subsection (c)(2)(B) if the defendant was adjudged guilty of the offense or entered a plea of guilty or nolo contendere in return for a grant of deferred adjudication, regardless of whether the sentence for the offense was ever imposed or whether the sentence was probated and the defendant was subsequently discharged from community supervision; and

(2) a conviction under the laws of another state for an offense containing elements that are substantially similar to the elements of an offense listed under Subsection (c)(2)(B) is a conviction of an offense listed under Subsection (c)(2)(B).

(h) In this section, "sexually violent offense" means an offense:

(1) described by Article 62.001(6), Code of Criminal Procedure; and

(2) for which an affirmative finding has been entered under Article 42. 015(b) or Section 5(e)(2), Article 42.12, Code of Criminal Procedure, for an offense other than an offense under Section 21.02 or 22.021.

Acts 1973, 63rd Leg., p. 883, ch. 399, § 1, eff. Jan. 1, 1974. Amended by Acts 1983, 68th Leg., p. 1750, ch. 339, § 1, eff. Sept. 1, 1983; Acts 1985, 69th Leg., ch. 582, § 1, eff. Sept. 1, 1985; Acts 1993, 73rd Leg., ch. 900, § 1.01, eff. Sept. 1, 1994; Acts 1995, 74th Leg., ch. 250, § 1, eff. Sept. 1, 1995; Acts 1995, 74th Leg., ch. 262, § 78, eff. Jan. 1, 1996; Acts 1995, 74th Leg., ch. 318, § 1, eff. Jan. 1, 1996; Acts 1997, 75th Leg., ch. 665, §§ 1, 2, eff. Sept. 1, 1997; Acts 1997, 75th Leg., ch. 667, § 4, eff. Sept. 1, 1997; Acts 1999, 76th Leg., ch. 62, § 15.01, eff. Sept. 1, 1999; Acts 2003, 78th Leg., ch. 283, § 53, eff. Sept. 1, 2003; Acts 2003, 78th Leg., ch. 1005, § 2, eff. Sept. 1, 2003; Acts 2007, 80th Leg., ch. 340, §§ 1 to 4, eff. Sept. 1, 2007; Acts 2007, 80th Leg., ch. 593, §§ 1.14 to 1.16, eff. Sept. 1, 2007; Acts 2009, 81st Leg., ch. 87, § 25.150, eff. Sept. 1, 2009; Acts 2011, 82nd Leg., ch. 1 (S.B. 24), § 6.02, eff. Sept. 1, 2011; Acts 2011, 82nd Leg., ch. 122 (H.B. 3000), § 14, eff. Sept. 1, 2011; Acts 2011, 82nd Leg., ch. 834, (H.B. 3384), §§ 1 to 4, 6, eff. Sept. 1, 2011; Acts 2011, 82nd Leg., ch. 1119 (H.B. 3), §§ 3, 4, eff. Sept. 1, 2011; Acts 2013, 83rd Leg., ch. 161 (S.B. 1093), § 16.003, eff. Sept. 1, 2013; Acts 2013, 83rd Leg., ch. 663 (H.B. 1302), §§ 7 to 9, eff. Sept. 1, 2013; Acts 2013, 83rd Leg., ch. 1323 (S.B. 511), § 11, eff. Dec. 1, 2013.

## Historical and Statutory Notes

### 2011 Legislation

Acts 2011, 82nd Leg., ch. 1 (S.B. 24) in subsec. (c)(2)(A)(i) and (B)(ii), inserted "20A.02(a)(7) or (8),".

Section 7.01 of Acts 2011, 82nd Leg., ch. 1 (S.B. 24) provides:

"The change in law made by this Act applies only to an offense committed on or after the effective date [Sept. 1, 2011] of this Act. An offense committed before the effective date of this Act is governed by the law in effect on the date the offense was committed, and the former law is continued in effect for that purpose. For purposes of this section, an offense was committed before the effective date of this Act if any element of the offense occurred before that date."

Acts 2011, 82nd Leg., ch. 122 (H.B. 3000) in subsecs. (c)(4)(intro.), (A) and (B) inserted "20A.03 or".

Section 15 of Acts 2011, 82nd Leg., ch. 122 (H.B. 3000) provides:

"The change in law made by this Act applies only to an offense committed on or after the effective date [Sept. 1, 2011] of this Act. An offense committed before the effective date of this Act is governed by the law in effect on the date the offense was committed, and the former law is continued in effect for that purpose. For purposes of this section,

an offense was committed before the tive date of this Act if any element offense occurred before that date."

Acts 2011, 82nd Leg., ch. 834 (H.B in the second heading added "on Tr First, Second, or Third Degree Felo the end; rewrote subsecs. (a) and (l (c)(1); added subsec. (c)(5); and in s (d) in the first sentence substituted "t fendant" for "he", and added the secor tence; and repealed subsec. (e). Prior to, subsecs. (a), (b), (c)(1) and (e) read:

"(a)(1) If it is shown on the trial of ; jail felony punishable under Section 1: that the defendant has previously beer ly convicted of two state jail feloni conviction the defendant shall be pu for a third-degree felony.

"(2) If it is shown on the trial of a sta felony punishable under Section 12.35(; the defendant has previously been convicted of two felonies, and the s previous felony conviction is for an o that occurred subsequent to the first ous conviction having become final, on c tion the defendant shall be punished second-degree felony.

"(3) Except as provided by Subs (c)(2), if it is shown on the trial of a sta felony punishable under Section 12.35 on the trial of a third-degree felony th; defendant has been once before convic a felony, on conviction he shall be pui for a second-degree felony.

"(b) Except as provided by Subs (c)(2), if it is shown on the trial of a se degree felony that the defendant has once before convicted of a felony, on cc tion he shall be punished for a first-d felony.

"(c)(1) If it is shown on the trial of a degree felony that the defendant has once before convicted of a felony, on cc tion he shall be punished by imprisonme the Texas Department of Criminal Ju for life, or for any term of not more tha years or less than 15 years. In additic imprisonment, an individual may be pun by a fine not to exceed $10,000."

"(e) A previous conviction for a stat felony punished under Section 12.35(a) not be used for enhancement purposes ι Subsection (b), (c), or (d)."

Acts 2011, 82nd Leg., ch. 1119 (H.B. subsec. (b) and (d), inserted "or (c)(4)"; in subsec. (c)(4), inserted "or 22.021" i times.

APPENDIX B

19

2003) 2003 WL 21018335, Unreported. Criminal Law ☞ 1947

Defense counsel's failure to challenge for cause venire person who announced, in voir dire examination, his personal bias against homosexuality, at trial in which defendant, a male, stood accused of sexual assault of a male child, was not ineffective assistance of counsel; venire person stated unequivocally that he could follow the law despite his personal prejudices, and, in any event, silent nature of record as to why defense counsel decided not to strike venire person precluded finding of ineffective assistance. Almendarez v. State (App. 13 Dist. 2003) 2003 WL 1387208, Unreported. Criminal Law ☞ 1901

## § 22.012. Deleted by Acts 1993, 73rd Leg., ch. 900, § 1.01, eff. Sept 1, 1994

### Historical and Statutory Notes

The deleted section, relating to intentionally exposing other persons to AIDS or HIV, was derived from Acts 1989, 71st Leg., ch. 1195, § 14 and Acts 1991, 72nd Leg., ch. 14, § 284(10).

## § 22.015. Repealed by Acts 2009, 81st Leg., ch. 435, § 3, eff. Sept. 1, 2009

### Historical and Statutory Notes

The repealed § 22.015, relating to coercing, soliciting, or inducing gang membership, was derived from Acts 1999, 76th Leg., ch. 708, § 1.

## § 22.02. Aggravated Assault

(a) A person commits an offense if the person commits assault as defined in § 22.01 and the person:

(1) causes serious bodily injury to another, including the person's spouse; or

(2) uses or exhibits a deadly weapon during the commission of the assault.

(b) An offense under this section is a felony of the second degree, except that the offense is a felony of the first degree if:

(1) the actor uses a deadly weapon during the commission of the assault and causes serious bodily injury to a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code;

(2) regardless of whether the offense is committed under Subsection (a)(1) or (a)(2), the offense is committed:

(A) by a public servant acting under color of the servant's office or employment;

(B) against a person the actor knows is a public servant while the public servant is lawfully discharging an official duty, or in retalia

566

tion or on account of an exercise of official power or performance of an official duty as a public servant;

(C) in retaliation against or on account of the service of another as a witness, prospective witness, informant, or person who has reported the occurrence of a crime; or

(D) against a person the actor knows is a security officer while the officer is performing a duty as a security officer; or

(3) the actor is in a motor vehicle, as defined by Section 501.002, Transportation Code, and:

(A) knowingly discharges a firearm at or in the direction of a habitation, building, or vehicle;

(B) is reckless as to whether the habitation, building, or vehicle is occupied; and

(C) in discharging the firearm, causes serious bodily injury to any person.

(c) The actor is presumed to have known the person assaulted was a public servant or a security officer if the person was wearing a distinctive uniform or badge indicating the person's employment as a public servant or status as a security officer.

(d) In this section, "security officer" means a commissioned security officer as defined by Section 1702.002, Occupations Code, or a noncommissioned security officer registered under Section 1702.221, Occupations Code.

Acts 1973, 63rd Leg., p. 883, ch. 399, § 1, eff. Jan. 1, 1974. Amended by Acts 1979, 66th Leg., p. 367, ch. 164, § 2, eff. Sept. 1, 1979; Acts 1979, 66th Leg., p. 1521, ch. 655, § 2, eff. Sept. 1, 1979; Acts 1983, 68th Leg., p. 349, ch. 79, § 1, eff. Sept. 1, 1983; Acts 1983, 68th Leg., p. 5311, ch. 977, § 2, eff. Sept. 1, 1983; Acts 1985, 69th Leg., ch. 223, § 1, eff. Sept. 1, 1985; Acts 1987, 70th Leg., ch. 18, § 3, eff. April 14, 1987; Acts 1987, 70th Leg., ch. 1101, § 12, eff. Sept. 1, 1987; Acts 1989, 71st Leg., ch. 939, §§ 1 to 3, eff. Sept. 1, 1989; Acts 1991, 72nd Leg., ch. 334, § 2, eff. Sept. 1, 1991; Acts 1991, 72nd Leg., ch. 903, § 1, eff. Sept. 1, 1991; Acts 1993, 73rd Leg., ch. 900, § 1.01, eff. Sept. 1, 1994; Acts 2003, 78th Leg., ch. 1019, § 3, eff. Sept. 1, 2003; Acts 2005, 79th Leg., ch. 788, § 3, eff. Sept. 1, 2005; Acts 2009, 81st Leg., ch. 594, § 2, eff. Sept. 1, 2009.

## Historical and Statutory Notes

Acts 1979, 66th Leg., ch. 164, in subsec. (a)(1) added ", including his spouse".

Acts 1979, 66th Leg., ch. 655, in subsec. (a)(2) deleted "in the lawful discharge of official duty" following "peace officer", inserted a colon following "is a peace officer", and added pars. (A) and (B); added a new subsec. (a)(3), and renumbered former subsec. (a)(3) as (a)(4).

Acts 1983, 68th Leg., ch. 79, in the introductory language of subsec. (a)(2) inserted "or a jailer or guard employed at a municipal or county jail or by the Texas Department of Corrections" and added ", jailer, or guard", in subsec. (a)(2)(A) inserted "jailer, or guard"; and in subsec. (a)(2)(B) substituted "an" for "the peace officer's"

# APPENDIX C

Defendant did not preserve challenge to prosecution's cross-examination of witness under rule governing impeachment with evidence of witness's bias or interest in a particular case, where defendant's only specific objection was on ground that cross-examination was improper under rule governing impeachment of witness's general character for truthfulness, and trial court effectively sustained that objection by permitting cross-examination under other subRules of Crim.Evid., Rules 608(b), 612(b) (Repealed). Dixon v. State (Cr.App. 1998) S.W.3d 263, on rehearing.

## Rule 609. Impeachment by Evidence of Conviction of Crime

(a) **General Rule.** For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record but only if the crime was a felony or involved moral turpitude, regardless of punishment, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party.

(b) **Time Limit.** Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

(c) **Effect of Pardon, Annulment, or Certificate of Rehabilitation.** Evidence of a conviction is not admissible under this rule if:

(1) based on the finding of the rehabilitation of the person convicted, the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure, and that person has not been convicted of a subsequent crime which was classified as a felony or involved moral turpitude, regardless of punishment;

(2) probation has been satisfactorily completed for the crime for which the person was convicted, and that person has not been convicted of a subsequent crime which was classified as a felony or involved moral turpitude, regardless of punishment; or

(3) based on a finding of innocence, the conviction has been the subject of a pardon, annulment, or other equivalent procedure.

(d) **Juvenile Adjudications.** Evidence of juvenile adjudications is not admissible, except for proceedings conducted pursuant to Title III, Family Code, in which the witness is a party, under this rule unless required to be admitted by the Constitution of the United States or Texas.

(e) **Pendency of Appeal.** Pendency of an appeal renders evidence of a conviction inadmissible.

(f) **Notice.** Evidence of a conviction is not admissible if after timely written request by the adverse party specifying the witness or witnesses, the proponent fails to give to the adverse party sufficient advance written notice of

intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

Effective March 1, 1998.

## Cross References

Character of witness admissible to prove conduct, see Rules of Evid., Rule 404.
Delinquency adjudications,
    Admissible if based upon felony violations, see Vernon's Ann. C.C.P. art. 37.07.
    Penalty phase of trial, admissibility notwithstanding this rule, see Vernon's Ann. C.C.P. art. 37.07.
Previous sexual conduct of sexual assault victim, admissible under this rule, see Rules of Evid., Rule 412.

## Law Review and Journal Commentaries

Admissibility of Criminal Convictions in Civil Cases. Quentin Brogdon, 61 Tex. B.J. 1112 (1998).

Annual survey of Texas law: Criminal procedure: Pretrial, trial and appeal. Robert Udashen and Gary A. Udashen, 47 SMU L.Rev. 995 (1994).

Cross-examination under Texas rules of evidence. 21 Houston Lawyer 32 (March 1984).

## Library References

Witnesses ⊙337(5), 345, 350, 359.
Westlaw Topic No. 410.
C.J.S. Witnesses §§ 503, 507, 514, 528.

Tex.Prac., Texas Rules of Evidence: Civil and Criminal, § 609.1 et seq.

## United States Supreme Court

Prior criminal conviction, preemptive introduction of evidence, challenge of admission of evidence on appeal, see Ohler v. U.S., 2000, 120 S.Ct. 1851.
Prior felony convictions, impeachment of civil witnesses, balancing test, see Green v. Bock Laundry Mach. Co., U.S.Pa.1989, 109 S.Ct. 1981, 490 U.S. 504, 104 L.Ed.2d 557.

## Notes of Decisions

In general 1
Completion of probation 22
Controlled substance convictions, time limit 7
Conviction 11
Correcting false impression 25
Defendant as witness 28
Deferred adjudication 14
Discretion of court 31
DWI 29
Factors to balance 12
Indictments 13
Intoxication 30
Juvenile adjudications 20
Moral turpitude, generally 10
Moral turpitude, time limit 4
Necessity 18
Notice 23
Open door 26
Pen packet 27

Prejudice 21
Presumptions and burden of proof 32
Probative value 15
Purpose of rule 2
Relevance 16
Review 33
Sentencing, time limit 9
Similarity 17
Subsequent convictions, time limit 6
Time limit 3-9
    In general 3
    Controlled substance convictions 7
    Moral turpitude 4
    Sentencing 9
    Subsequent convictions 6
    Waiver 8
    Youthfulness of witness when convicted 5
Unadjudicated offenses 19
Variance 24