

**IN THE**
**TENTH COURT OF APPEALS**

No. 10-10-00292-CR

**JEREMY KYLE LESTER,**

**Appellant**

v.

**THE STATE OF TEXAS,**

**Appellee**

**From the County Court at Law No. 1**
**McLennan County, Texas**
**Trial Court No. 20094875CR1**

**O P I N I O N**

Jeremy Kyle Lester was convicted of the misdemeanor offense of assault-family violence and sentenced to 365 days in jail. *See* TEX. PENAL CODE ANN. § 22.01(a) (West 2011). Lester appealed his conviction. Because the trial court did not err in refusing to admit evidence of the victim's past conviction, the trial court's judgment is affirmed.

In his sole issue on appeal, Lester contends that the trial court erred in refusing to allow him to impeach the victim of the offense, Samantha Shoaf, with her misdemeanor conviction for failure to identify-fugitive. *See* TEX. PENAL CODE ANN. § 38.02(a) or (b), (d) (West 2011). Texas Rule of Evidence 609 permits the credibility of a witness to be

attacked with evidence of the witness's conviction for a felony or crime involving moral turpitude. TEX. R. EVID. 609(a). Offenses involving "dishonesty or false statement" are crimes involving moral turpitude. *Dallas County Bail Bond Bd. v. Mason*, 773 S.W.2d 586, 589 (Tex. App.—Dallas 1989, no writ).

In considering a trial court's ruling on the admissibility of evidence, we must determine whether the trial court abused its discretion. *Carrasco v. State*, 154 S.W.3d 127, 129 (Tex. Crim. App. 2005). In other words, we must uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Id.*

Lester argues that Shoaf's conviction for failure to identify was a crime of moral turpitude that was admissible to attack her credibility. A person commits the offense of failure to identify by either (i) intentionally refusing to give one's name, residence address, or date of birth to a peace officer who has lawfully arrested the person and requested the information or (ii) by intentionally giving a false or fictitious name, residence address, or date of birth to a peace officer who has lawfully arrested the person; lawfully detained the person; or requested the information from a person that the peace officer has good cause to believe is a witness to a criminal offense. TEX. PENAL CODE ANN. § 38.02(a)-(b) (West 2011). We agree with the Houston Court that the offense of failure to identify by intentionally giving a false or fictitious name to a peace officer is an offense involving moral turpitude. *See Lape v. State*, 893 S.W.2d 949, 958 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd). But we also agree with the Austin Court that the offense of failure to identify by refusing to give the requested

information to a peace officer is not a crime of moral turpitude. *See Jones v. State*, No. 03-04-00428-CR, 2005 Tex. App. LEXIS 8720, 10-13 (Tex. App.—Austin Oct. 20, 2005, pet. ref'd) (not designated for publication).

Outside the jury's presence, Lester's counsel informed the trial court that he believed Shoaf had a conviction for failure to identify for which she had served or was currently serving jail time. But counsel did not provide the trial court with anything that showed Shoaf's conviction was pursuant to section 38.02(b), which involves lying to a peace officer. *See* TEX. PENAL CODE ANN. § 38.02(b) (West 2011). Accordingly, Lester failed to meet his burden of proving that Shoaf's conviction for failure to identify was a crime of moral turpitude. *See Vinson v. State*, 252 S.W.3d 336, 340 (Tex. Crim. App. 2008) ("In our criminal justice system, the proponent of evidence ordinarily has the burden of establishing the admissibility of the proffered evidence."). Thus, we conclude that the trial court did not abuse its discretion in excluding the evidence of Shoaf's conviction for failure to identify. Lester's sole issue is overruled.

Having overruled the only issue raised on appeal, we affirm the trial court's judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed July 13, 2011
Publish
[CR25]