**AFFIRM; Opinion Filed June 27, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00013-CR**

**TRACY MOZEKE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. MA10-69434-B**

## MEMORANDUM OPINION

Before Justices Francis, Lang, and Evans
Opinion by Justice Lang

This is an appeal from a conviction for misdemeanor driving while intoxicated. In a single issue, Tracy Mozeke complains the trial court erred in allowing the prosecuting attorney to impeach him with a 2008 conviction for failure to identify himself to a peace officer by giving false or fictitious information. We affirm the trial court's judgment.

## I.    BACKGROUND

Mozeke was charged with the offense on December 27, 2010, after exhibiting several "clues" of intoxication on field sobriety tests administered following an accident. Prior to trial, the prosecutor gave notice to Mozeke that the State intended to introduce as evidence at trial Mozeke's 2008 conviction for failure to identify by giving false or fictitious information to a peace officer. *See* TEX. PENAL CODE ANN. § 38.02(b) (West 2011). In this case, Mozeke

pleaded not guilty, filed an application for community supervision, and elected to have the trial judge assess punishment.

Following the State's case-in-chief and testimony on Mozeke's behalf from a witness to the accident, Mozeke took the witness stand in his defense and admitted drinking two beers approximately four hours before the accident. He asserted, though, that he had eaten after he finished his last beer and explained his performance on the field sobriety tests was the result of his leg having been injured during the crash.

Before beginning her cross-examination of Mozeke, and in accordance with the trial court's order on Mozeke's motion in limine respecting extraneous offenses, the prosecutor approached the trial judge and announced she wanted to question Mozeke about the 2008 conviction. The prosecutor presented to the trial court a "printout of the NCIC/TCIC" to demonstrate the conviction was a crime of moral turpitude and admissible impeachment evidence. The trial judge commented on the record that the printout indicated Mozeke's conviction was for failing to identify by giving false or fictitious information to a peace officer and that such an offense "involve[es] moral turpitude." Mozeke objected arguing the prejudicial value of the evidence of the conviction outweighed any probative value and the notice of the State's intent to use this conviction did not specify the conviction was for giving false information. The trial judge overruled Mozeke's objections, specifically stating the notice accurately reflected the nature of the conviction, and allowed the prosecutor to question Mozeke about the conviction. When questioned by the prosecutor, Mozeke admitted to the conviction. On redirect, however, Mozeke explained that, although the conviction was for giving false information, he did not lie to the officer but was simply "slow" in providing his identification.

Following the jury's conviction, the trial court assessed punishment at 365 days in jail, probated for two years, and a $1,500 fine.

## II.  IMPEACHMENT EVIDENCE

### A.  Standard of Review

A trial court's ruling on the admissibility of evidence is reviewed for abuse of discretion. *Carrasco v. State*, 154 S.W.3d 127, 129 (Tex. Crim. App. 2005).  No abuse will be found if the ruling is reasonably supported by the record and it is correct under any theory of law applicable to the case.  *Id.*

### B.  Applicable Law

Rule 609 of the Texas Rules of Evidence provides that the credibility of a witness may be attacked with evidence, elicited from the witness or established by public record, that the witness has been convicted of a felony or crime of moral turpitude.  TEX. R. EVID. 609(a).  An offense involving "dishonesty or [a] false statement" is a crime involving moral turpitude.  *Dallas Cnty. Bail Bond Bd. v. Mason*, 773 S.W.2d 586, 589 (Tex. App.-–Dallas 1989, no writ).

A person commits the offense of failure to identify by (a) intentionally refusing to give his name, residence address, or date of birth to a peace officer who has lawfully arrested the person and requested the information or (b) intentionally giving a false or fictitious name, residence address, or date of birth to a peace officer who has lawfully arrested or detained the person or requested the information from a person the officer has good cause to believe is a witness to a criminal offense.  TEX. PENAL CODE ANN. § 38.02(a),(b).  The offense of failure to identify by intentionally giving false or fictitious information is a crime of moral turpitude; the offense of failure to identify by withholding information is not.  *Lester v. State*, 366 S.W.3d 214, 215 (Tex. App.-–Waco 2011, pet. ref'd).

### C.  Application of Law to Facts

The record reflects that when cross-examined, Mozeke admitted to having a conviction for failing to identify by giving false or fictitious information.   However, Mozeke argues the trial

court erred in allowing examination regarding the conviction because he explained on re-direct that he was simply "slow" in providing his identification, and failing to identify by withholding information is not a crime of moral turpitude.[1] *See id.* Mozeke's explanation does not change the nature of his conviction. Mozeke does not dispute the fact that the conviction was for giving false information. On this record, we conclude the trial court did not abuse its discretion in allowing the impeachment using the 2008 conviction. *See* TEX. R. EVID. 609(a); *Lester*, 366 S.W.3d at 215. We resolve Mozeke's sole issue against him.

### III. CONCLUSION

We affirm the trial court's judgment.


Do Not Publish
TEX. R. APP. P. 47
120013F.U05

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

---

[1] In its brief, the State argues Mozeke waived his complaint because it does not comport with his complaint at trial. *See Lovill v.* State, 319 S.W.3d 687, 691-92 (Tex. Crim. App. 2009) ("A complaint will not be preserved if the legal basis of the complaint raised on appeal varies from the complaint made at trial."). For purposes of this opinion, we assume, without deciding, that error was preserved.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TRACY MOZEKE, Appellant

No. 05-12-00013-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court No. 2, Dallas County, Texas
Trial Court Cause No. MA10-69434-B.
Opinion delivered by Justice Lang.  Justices Francis and Evans participating.

Based on the Court's opinion of this date, we **AFFIRM** the trial court's judgment.


Judgment entered this 27th day of June, 2013.


/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE