

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00371-CR

**TELVIN JAMALL HORNE,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the County Court at Law No. 1
### McLennan County, Texas
### Trial Court No. 20153671CR1

## O P I N I O N

Telvin Horne appeals from two convictions for burglary of a vehicle. TEX. PENAL CODE ANN. § 30.04 (West 2011). Horne complains that the evidence was insufficient for the jury to have found that he was one of the three individuals that committed the offense and that the trial court erred by denying his motion for new trial on the basis of (1) violations of *Brady v. Maryland* and Article 39.14 of the Code of Criminal Procedure, (2) because a video exhibit admitted at trial improperly contained multiple videos, and (3)

because newly discovered evidence showed that Horne was actually innocent. Because we find no reversible error, we affirm the judgments of the trial court.

**SUFFICIENCY OF THE EVIDENCE**

In his first issue, Horne complains that the evidence was insufficient for the jury to have found that he was one of the three individuals who committed the offenses. The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. at 326.

Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d at 13. Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

A truck and an SUV on a car lot were broken into in the early morning hours of July 3, 2015. Surveillance video from an infrared camera showed three individuals committed the offenses. One male was wearing a light colored t-shirt, a second was wearing a light-colored tank top, and a third was wearing a light-colored hoodie with the hood pulled over his head. The video was taken from fairly close to the truck and SUV. When he viewed the video, the owner of the car lot immediately identified the person wearing the t-shirt as someone from his neighborhood with whom he was personally familiar named Smith. The owner did not recognize the other two. One of the investigating officers took a video from the car lot and showed it to other officers to see if they recognized the other two. Two officers separately identified a person named Watkins as the individual in the tank top and Horne as the individual in the hoodie. Both officers were confident in their identifications from prior dealings with Smith, Watkins, Horne, and a fourth man named Barrier or "G-man." The four were in a group they called the "300."

The officers who attempted to gather evidence at the scene were unable to get fingerprints because the perpetrators were wearing gloves as shown on the video. No other forensic evidence was present connecting anyone to the burglaries.

Smith and Watkins were later arrested for the burglaries and admitted to their participation in the offenses. The officer who arrested Watkins for the burglaries stated that Watkins told him that Horne was involved during a conversation while he was processing Watkins at the juvenile detention center, although he did not include that in his offense report. The same officer later arrested Horne pursuant to an arrest warrant. The officer allowed Horne's grandmother and brother to speak to him in the back of his vehicle. The officer overheard Horne's grandmother tell Horne that they had him on video to which Horne replied, "yeah." Horne's brother told him that someone had told on him and that they had him on video and Horne once again replied, "yeah." The officer believed that Horne's responses were admissions of guilt.

Horne's defense was that the State's evidence did not link him to the burglaries. Horne attempted to show that the video was fuzzy and because it was also taken at night, it was impossible for the individuals to be identified accurately. Further, Smith and Watkins both testified that it was Watkins who was wearing the hoodie but it was Barrier who was in the tank top. Both testified also that Horne was not present when the burglaries were committed.

Because the jurors were the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony, we defer to their resolution of those issues. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). The jury was called upon to determine whether or not it found the officers or Smith and Watkins to be credible, and we do not find their determination to be unreasonable. In considering the cumulative force of all of the evidence before the jury, we find that the evidence was sufficient for the jury to have found that Horne was the third individual depicted in the video who committed the charged offense with Smith and Watkins. We overrule issue one.

**DENIAL OF MOTION FOR NEW TRIAL**

In his second issue, Horne complains that the trial court erred by denying his motion for new trial because of: (1) the State's alleged failure to produce evidence pursuant to *Brady v. Maryland* and Article 39.14 of the Code of Criminal Procedure, (2) because of the State's presentation and the admission of an exhibit which had not been fully provided to Horne prior to trial, and (3) because of newly discovered evidence in the form of the confession of an individual who claimed to have participated in the offenses and who denied that Horne was involved in the offenses. The trial court conducted a hearing on Horne's motion for new trial which was overruled by operation of law because the trial court did not rule on the motion after it was taken under advisement.

STANDARD OF REVIEW

We review a trial court's denial of a motion for new trial for an abuse of discretion, and we will only reverse if the trial court's opinion was "clearly erroneous and arbitrary." *Riley v. State*, 378 S.W.3d 453, 457 (Tex. Crim. App. 2012). We view all evidence in the light most favorable to the trial court's ruling and presume that the trial court made all reasonable factual findings in support of the ruling that are supported by the record. *State v. Thomas*, 428 S.W.3d 99, 104 (Tex. Crim. App. 2014). This Court cannot substitute its own judgment for that of the trial court and must uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Riley*, 378 S.W.3d at 457. When there is a mixed question of law and fact that turns on "an evaluation of credibility and demeanor," the trial court's findings are entitled to almost total deference. *Id*. at 458.

ARTICLE 39.14 AND *BRADY* VIOLATION

In the first part of his second issue, Horne complains that the trial court erred by not granting his motion for new trial in the interest of justice because of violations of Article 39.14 of the Code of Criminal Procedure and *Brady v. Maryland*. *See* TEX. CODE CRIM. APP. ANN. art. 39.14; *Brady v. Maryland*, 373 U.S. 83 (1973). Article 39.14 was amended effective January 1, 2014 to require the State to provide discovery to defendants upon request. *See* Act of May 14, 2013, 83d Leg., R.S., ch. 49, § 2, 2013 Tex. Gen. Laws 106, 106 (*eff*. Jan. 1, 2014) (*codified at* TEX. CODE CRIM. PROC. art. 39.14). *Brady* requires that the State provide exculpatory evidence to defendants. *See Brady*, 373 U.S. at 87. Horne

contends that a second video of the offense that is of higher quality than the video presented to the jury at trial in State's Exhibit 20 was never provided to him by the State.[1]

In the motion for new trial, Horne argued that he never received the two files from July 4, 2015 which he contends are of significantly higher quality than the file from July 3, 2015. The discovery log filed with the trial court prior to trial shows that a jump drive was provided to counsel for Horne on March 30, 2016. The State argued that the jump drive provided to counsel for Horne was identical to State's Exhibit 20 and that all three files were present on the jump drive that was given to counsel for Horne.

At oral argument before this Court, Horne attempted to show that it was impossible for him to show the Court what discovery was not provided by the State beyond him proving that two videos existed and contending that one was not provided to him in discovery, arguing that "we don't know what we don't know" regarding the existence and substance of the second video, which presumably was the two segments from July 4, 2015 that were contained on State's Exhibit 20. Further, Horne argues that beyond his counsel's testimony and argument that he did not receive the second video, he could not otherwise establish that the State withheld evidence in the form of the files from July 4, 2015.

---

[1] State's Exhibit 20 was admitted into evidence at trial. It contains three files. One is from early on July 3, 2015 and the other two are in one-hour consecutive increments from early on July 4, 2015 when the vehicles were burglarized a second time. The authenticating witness mentioned only the file for July 3, 2015 as being present on the exhibit. The record reflects only that the file from July 3, 2015 was shown to the jury and depicted the offenses for which Horne was convicted. We have found no reference in the record to the other two files having been shown to the jury or that another burglary had occurred on July 4, 2015.

To make this argument, Horne additionally complains that the discovery log was too vague as to what was provided to him by the State. *See* TEX. CODE CRIM. PROC. ANN. art. 39.14(j). The relevant discovery log page states: "Copied jump drive" but does not describe what is contained on the jump drive. However, any lack of specificity in the discovery log was not raised before the trial court. Objecting to the adequacy of the discovery log would have provided a mechanism for this Court to potentially be able to review and determine what was or was not provided in discovery versus what has now been shown to exist. At the very least an objection to the adequacy of the discovery log would allow us to reach the issue, but only if the log is sufficiently descriptive of what was produced in discovery so that the trial court could determine that the item introduced was not identified on the log.

What we do know is (1) that on March 30, 2016, a jump drive was provided to counsel for Horne, (2) the State contended that the provided jump drive contained all three files including the two files from July 4, 2015, and (3) all three files are present on State's Exhibit 20, which was admitted into evidence without objection from Horne. What Horne did not attempt to establish in the motion for new trial was what files the jump drive provided to him actually contained, which would have provided some mechanism for the trial court and ultimately this Court to review Horne's contentions. Based on what we do know from the record before us, we do not find that the trial court's implied finding of fact that there was no violation of either Article 39.14 or *Brady* was arbitrary or

unreasonable and therefore, we hold that the trial court did not abuse its discretion by overruling the motion for new trial on this basis.

ADMISSION OF INADMISSIBLE EVIDENCE

In the second part of his second issue, Horne argues that he was denied a fair trial because State's Exhibit 20 was admitted into evidence and unbeknownst to him, contained three files rather than only the one from July 3, 2015. Horne did not object to the trial court on this basis either during the trial or in the motion for new trial and we find that this complaint is an extension of the first part of his issue which we have overruled.[2] Therefore we hold that the trial court did not abuse its discretion by overruling the motion for new trial on this basis.

NEWLY DISCOVERED EVIDENCE

In the third part of his second issue, Horne complains that the trial court abused its discretion by denying his motion for new trial on the basis of newly discovered evidence. The newly discovered evidence in question presented at the motion for new trial hearing was the testimony of Don Barrier, who claimed that he had committed the burglaries with Smith and Watkins.

Article 40.001 of the Code of Criminal Procedure provides that "[a] new trial shall be granted an accused where material evidence favorable to the accused has been

---

[2] However, even if Horne had preserved this issue before the trial court, we do not find that Horne could have been harmed by the admission of State's Exhibit 20 because the record does not show that the other files from July 4, 2015 were shown to the jury or ever referenced by any party at any time during the trial.

discovered since trial." TEX. CODE CRIM. PROC. ANN. art. 40.001 (West 2006). To be entitled

to a new trial on the basis of newly discovered or newly available evidence, a defendant

must satisfy a four-pronged test:

> (1) the newly discovered evidence was unknown or unavailable to the defendant at the time of trial;
>
> (2) the defendant's failure to discover or obtain the new evidence was not due to the defendant's lack of due diligence;
>
> (3) the new evidence is admissible and not merely cumulative, corroborative, collateral, or impeaching; and
>
> (4) the new evidence is probably true and will probably bring about a different result in a new trial.

*State v. Arizmendi*, 519 S.W.3d 143, 148-49 (Tex. Crim. App. 2017); *see also Keeter v. State*,

74 S.W.3d 31, 36-37 (Tex. Crim. App. 2002).

Horne testified at the hearing on the motion for new trial that he knew the identity

of Don Barrier but did not tell his attorneys or investigator. Barrier testified that he and

Horne saw each other regularly in 2016. However, Barrier appeared to be intellectually

challenged or deliberately confused in that he did not seem to understand how or was

unwilling to identify specific events or relate times when he had seen Horne. Barrier was

named during the trial as a cohort of Horne, Smith, and Watkins and counsel for Horne

admitted that they knew the identity of Barrier prior to one of the trial settings. Horne

was able to call Barrier the night that the jury had broken during deliberations and Horne

and his attorney were able to record Barrier confessing to the burglaries; however, no

mention was made of the recording when the parties reconvened the next morning prior to the jury resuming deliberations. Barrier's testimony was also cumulative of the testimony of Smith and Watkins. Based on our review of the record, it is not unreasonable to believe that the trial court, as factfinder in the hearing on the motion for new trial, disbelieved the testimony of Barrier as well, as the trial court was in the best position to observe his credibility and demeanor. We do not find that the implicit finding that not all parts of the test required by Article 40.001 had been met and subsequent denial of the motion for new trial was clearly erroneous and arbitrary. *See Riley*, 378 S.W.3d at 457. Accordingly, we hold that the trial court did not abuse its discretion by overruling the motion for new trial on this basis.

Because we have found that the trial court did not abuse its discretion by denying the motion for new trial, we overrule Horne's second issue.

**CONCLUSION**

Having found no reversible error, we affirm the judgments of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed July 25, 2018
Publish
[CR25]

