

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00217-CR

**LORI ANN OWENS,**

                                                  **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                  **Appellee**

### From the County Court at Law No. 1
### McLennan County, Texas
### Trial Court No. 2017-0831-CR1

## MEMORANDUM  OPINION

Lori Ann Owens was convicted of driving while intoxicated and sentenced to 180 days in jail.  *See* TEX. PENAL CODE ANN. § 49.04(a), (c).  The trial court suspended Owens's sentence and placed her on community supervision for 15 months.  Because the trial court did not abuse its discretion in denying Owens's motion for mistrial and motion for new trial, and because Owens's complaint regarding the limiting of cross-examination was not preserved, the trial court's judgment is affirmed.

**MOTION FOR MISTRIAL**

In her first issue, Owens argues that the trial court abused its discretion in overruling her motion for mistrial based on a perceived violation of Owens's motion in limine. Specifically, she contends a question asked by the State violated the limine order and the trial court's instruction to disregard could not cure the harm caused by the violation.[1]

Prior to trial, the parties agreed to, and the trial court granted, Owens' motion in limine which required the State not to "mention, allude to, or refer to, directly or indirectly, during any stage of this trial…[*a]ny reference to the numeric result of the portable breath test* (PBT) administered by the officer in this case[,]" until a hearing outside of the jury's presence was held to determine the admissibility of "such testimony." (Emphasis added).

On direct examination, the State asked DPS Trooper Jeff Wachtendorf about whether the portable breath test (PBT) Owens blew into confirmed his belief that Owens was "impaired." The trooper replied, "Yes, it did." The State also asked if the trooper heard defense counsel say during counsel's opening statement that the PBT only shows whether or not a person has alcohol in the person's system. The trooper replied, "Yes." The State then specifically asked, "But, without going into it, that PBT gives you a

---

[1] An objection that the motion in limine has been violated is insufficient to preserve error for appeal. *Harnett v. State*, 38 S.W.3d 650, 655 (Tex. App.—Austin 2000, pet ref'd). *See Brazzell v. State*, 481 S.W.2d 130, 132 (Tex. Crim. App. 1972). The preserved issue in this appeal is the denial of the motion for mistrial. *See Fuller v. State*, 827 S.W.2d 919, 926 (Tex. Crim. App. 1992) ("the most important procedure is to press the specific objection to the point of obtaining an adverse ruling, be that to the objection, the request for an instruction, or the motion for mistrial.").

number, doesn't it?"

Owens asked to approach the bench and a conference was held in chambers with the parties outside the presence of the jury. In the conference, Owens objected that the State had violated the limine order. Owens moved for a mistrial which the trial court promptly denied. After much debate, because the State did not think it violated the limine order and Owens believed that not only was there a violation, but that the violation could not be cured, Owens ultimately agreed to an instruction to disregard by the trial court. Twenty-five minutes after the conference began, the trial court instructed the jury, "I'm going to ask the jury to disregard the last question and have it struck from the record."

We review a trial court's denial of a motion for mistrial under an abuse of discretion standard. *Archie v. State*, 340 S.W.3d 734, 738-39 (Tex. Crim. App. 2011). Mistrial is the appropriate remedy when the objectionable events are so emotionally inflammatory that curative instructions are not likely to prevent the jury from being unfairly prejudiced against the defendant. *Id*. at 739. The asking of an improper question will seldom call for a mistrial, because, in most cases, any harm can be cured by an instruction to disregard. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). On appeal, we generally presume that the jury followed the trial court's instructions. *See Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005); *Waldo v. State*, 746 S.W.2d 750 (Tex. Crim. App. 1988) (jury presumed to follow instruction to disregard evidence). This presumption is refutable; but to do so, the appellant must point to evidence in the record indicating that the jury failed to follow the trial court's instructions. *Thrift*, 176 S.W.3d at

224.

In this case, although the State's question violated the order on the motion in limine, no number was actually given in response to the question and there was other evidence that the results of the PBT confirmed the Trooper's belief that Owens was "impaired." Further, twenty-five minutes had elapsed between the statement and the instruction, and the trial court was careful not to refresh or reinforce the jury's memory of the content of the question. Finally, Owens attached an affidavit from one of her trial counsel to her Motion for New Trial stating that after the trial was over, one juror asked trial counsel what the "number" was, because "it was obvious there was a number." That is no evidence to rebut the presumption and show that the jury did not follow the trial court's instruction. It would require speculation to conclude from this statement that the jury's curiosity lead them to violate the trial court's instruction to disregard the question. Even if the hearsay statement is evidence that the jury discussed whether there was a "number," it does not rebut the presumption and we must still presume they followed the trial court's instruction and disregarded the question when reaching their verdict. *See Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998).

Accordingly, the instruction to disregard was effective, and the trial court did not abuse its discretion in denying Owens's motion for mistrial. Her first issue is overruled.

**MOTION FOR NEW TRIAL**

Owens argues in her third issue that the trial court abused its discretion in denying Owens's motion for new trial because the trial court erred in denying her motion for mistrial. Owens relies on her argument from her first issue, that the trial court abused its

discretion in denying Owens's motion for mistrial, in support of her third issue.

We review a trial court's denial of a motion for new trial for an abuse of discretion, and we will only reverse if the trial court's decision was "clearly erroneous and arbitrary." *Riley v. State*, 378 S.W.3d 453, 457 (Tex. Crim. App. 2012); *Horne v. State*, 554 S.W.3d 809, 813 (Tex. App.—Waco 2018, pet. ref'd). We cannot substitute our own judgment for that of the trial court and must uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Riley*, 378 S.W.3d at 457; *Horne*, 554 S.W.3d at 813.

Because we found that the trial court did not abuse its discretion in denying Owens's motion for mistrial, we do not find that the trial court's decision to deny Owens's motion for new trial was "clearly erroneous and arbitrary" and an abuse of discretion. Accordingly, Owens's third issue is overruled.

## LIMITING CROSS-EXAMINATION

In her second issue, Owens complains that the trial court improperly limited her cross-examination of the State's sole witness, Trooper Wachtendorf, concerning part of Owens's defensive theory.

The following exchange is the basis of Owens's complaint on appeal:

Q. When do you draw the blood?

A. I mean, it varies from case to case. There are a lot of different variables each day or each night.

Q. Okay. On average.

STATE: Objection, Your Honor, I'm not sure what relevance "on average."

COURT: Sustained.

Q. You have gotten many blood warrants in the past, have you not?

A. I've gotten several.

Q. Okay. How does that process go about?

STATE:  Your Honor, again, we're going to object to relevance. That didn't take place in the case.

DEFENSE: And I think the jury is entitled to why and how hard it is.

STATE: I think that perhaps the foundation can be laid. But that question, in particular, I object to relevance.

COURT: Sustained as to the general process of all blood warrants.

The proponent of evidence ordinarily has the burden of establishing the admissibility of the proffered evidence. *White v. State*, 549 S.W.3d 146, 152 (Tex. Crim. App. 2018); *Lester v. State*, 366 S.W.3d 214, 215 (Tex. App.—Waco 2011, pet. ref'd). To preserve a complaint on appeal, "the record must show that the party 'stated the grounds for the ruling that [he] sought from the trial court with sufficient specificity to make the trial court aware of the complaint.'" *Reyna v. State*, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005) (*quoting* TEX. R. APP. P. 33.1(a)(1)).  The proponent, if the losing party, must have told the trial court why the evidence was admissible. *Id.* at 177.  Thus, it is not enough to simply tell the trial court that evidence is admissible. *Id.*  Here, Owens only stated that "the jury is entitled to why and how hard it is."  This is not enough.

Owens argues on appeal that the trial court should have known Owens was pursuing this line of questioning in support of a defensive theory that Trooper Wachtendorf conducted an insufficient investigation by failing to secure a blood draw warrant and that by sustaining the State's objections, Owens's cross-examination

concerning that theory was improperly limited.[2]  But as a part of error preservation, Owens must let the trial court know what she wants, why she thinks she is entitled to it, and to do so clearly enough for the court to understand her at a time when the court is in the proper position to do something about it.  *See Golliday v. State*, 560 S.W.3d 664, 670 (Tex. Crim. App. 2018).  She did not. She cannot expect the trial court to understand her complaints when they were not specifically raised.

Accordingly, because Owens did not articulate a sufficient reason why the answers to her questions were admissible and did not bring the specific complaint that she asserts on appeal to the trial court's attention at a time when the trial court could do something about it, Owens's second issue is not preserved and is overruled.

**CONCLUSION**

Having overruled each issue on appeal, we affirm the trial court's judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Neill
Affirmed
Opinion delivered and filed March 4, 2020
Do not publish
[CR25]



---

[2] Owens stated in her opening that the trooper had the option of getting a warrant and that he failed to conduct a thorough investigation.  In the exchange quoted, the State seems to concede that Owens might be able to lay a predicate for going into the issue; but based on the trial at that point, the question as asked, without more, was objectionable.