

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00003-CR
_____

KYLE GREGORY LAYMAN, Appellant

V.

THE STATE OF TEXAS, Appellee

_____

On Appeal from the 19th District Court
McLennan County, Texas
Trial Court No. 2019-1650-C1

_____

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

# MEMORANDUM OPINION

Kyle Gregory Layman pled guilty to criminal solicitation of a minor.[1] After considering the evidence during the punishment phase of the trial, the trial court sentenced Layman to ten years' confinement for the third-degree felony. On appeal, Layman complains that the trial court erred in admitting certain extraneous-offense evidence that he claimed not to have received from the State during discovery. We find that Layman failed to preserve this complaint for appeal. We also overrule Layman's argument based on *Watkins v. State*, 619 S.W.3d 265 (Tex. Crim. App. 2021). We affirm the trial court's judgment and sentence.[2]

## I. Background

Layman, an attorney, represented E.C.'s father on an undisclosed criminal matter. Later, E.C.'s mother (Mother) contacted Layman because E.C.—who was about fourteen years old at the time—was being bullied at school, and she wanted to know about possible legal recourse. After obtaining Mother's permission to contact E.C. directly, Layman sent text messages to E.C. The messages alarmed E.C., and she showed the messages to Mother. Mother then contacted the Waco Police Department. Waco Police Detective Joseph Scaramucci arranged a sting operation, where he pretended to be E.C. and engaged in further text conversations with Layman. Layman gradually turned the conversations to sexual matters. Layman was subsequently charged with criminal solicitation of a minor.

---

[1]*See* TEX. PENAL CODE ANN. § 15.031 (Supp.).

[2]Originally appealed to the Tenth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We follow the precedent of the Tenth Court of Appeals in deciding this appeal. *See* TEX. R. APP. P. 41.3.

At trial, the trial court accepted Layman's guilty plea and proceeded to a hearing on punishment. Scaramucci testified that he posed as E.C. with a new phone number and carried out multiple text conversations with Layman. Screenshots of those text conversations were printed for use as evidence. However, when the State sought to introduce the text messages into evidence, Layman objected that they included documents that he had not received in discovery. Layman explained that the screenshots "were kind of cut off as they were going to the next page." Layman also told the court that he "received 109 pages" of text messages, but the two exhibits before the trial court numbered 127 pages. The trial court overruled Layman's objection.

## II.    Analysis

Layman complains that the trial court erred in overruling his objection to the State's failure to provide, during discovery, all of the text messages that it later introduced at trial. The State argues that Layman failed to preserve this point of error at trial. Specifically, the State argues that Layman failed to request a continuance to review the undisclosed text messages and that he failed to identify for the trial court the specific messages he claims he failed to receive.[3] We agree with the State.

"Trial court decisions to admit or exclude evidence will not be reversed absent an abuse of discretion. Under this standard, the trial court's decision to admit or exclude evidence will be upheld as long as it was within the 'zone of reasonable disagreement.'" *Beham v. State*, 559

---

[3]The State points out that Layman acknowledged that he received discovery directly through the county's electronic filing portal but did not raise this issue prior to the punishment hearing. The State further contends that, had he done so, he could have reviewed the challenged documents prior to trial.

S.W.3d 474, 478 (Tex. Crim. App. 2018) (quoting *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 2018) (op. on reh'g)). However, to preserve a complaint for our review, a party must first present to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling if not apparent from the context. TEX. R. APP. P. 33.1(a)(1). And, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2).

More importantly, "[t]o preserve error regarding the State's failure to provide reasonable notice of its intent to use extraneous offense evidence, the defendant must request a continuance to mitigate the effects of surprise." *Martines v. State*, 371 S.W.3d 232, 249 (Tex. App.— Houston [1st Dist.] 2011, no pet.); *see Lindley v. State*, 635 S.W.2d 541, 544 (Tex. Crim. App. 1982) ("The failure to request a postponement or seek a continuance waives any error urged in an appeal on the basis of surprise."). In addition, "[w]hen an exhibit contains both admissible and inadmissible evidence, the objection must specifically refer to the challenged material to apprise the trial court of the exact objection." *Sonnier v. State*, 913 S.W.2d 511, 518 (Tex. Crim. App. 1995). Accordingly, by failing to do either of these things, Layman failed to preserve his complaint for appeal. *See Horne v. State*, 554 S.W.3d 809, 814 (Tex. App.—Waco 2018, pet. ref'd).

In his brief, Layman argues that error was preserved under the holding in *Watkins v. State*, 619 S.W.3d 265 (Tex. Crim. App. 2021).[4] In *Watkins*, the trial court admitted thirty-three

---

[4]Regarding *Watkins*, Layman, in his brief, claims:

4

items into evidence at the punishment stage that the State had not provided Watkins before trial.[5] The Court of Criminal Appeals analyzed the history of discovery in Texas criminal cases, especially the substantial changes in 2013 to Article 39.14 of the Texas Code of Criminal Procedure. The Court of Criminal Appeals ultimately held that "criminal defendants now have a general right to discovery in Texas beyond the guarantees of due process" and that the "State erred by failing to produce those exhibits before trial in violation of [TEX. CODE CRIM. PROC. ANN.] ARTICLE 39.14(a)." *Id.*

However, in *Watkins*, the State completely failed to provide any of the thirty-three trial exhibits in discovery, including "a collection of booking records, pen packets, and judgments of prior convictions that were used to prove two prior convictions for enhancement and other extraneous offenses that Appellant had committed." *Id.* at 290. The Court of Criminal Appeals concluded that those exhibits "were at least 'subsidiary facts' that could assist the fact-finder in finding normative facts such as the commission of prior offenses, both extraneous and enhancement." The court continued, "Simply put, they have a logical connection to a consequential fact and should have been disclosed on a proper request." *Id.*[6] Accordingly, the

---

Clearly, the screenshots of the text messages not produced by the State fall within the two categories of punishment facts: normative facts and subsidiary facts. [*Watkins v State*, 619 S.W.3d 265 (Tex. Crim. App. 2021)]. Sending an animated image of a lap dance to a fourteen year old, and describing various parts of the male anatomy are "facts of consequence in the punishment context." *See Beham v. State*, 559 S.W.3d 474, 478 (Tex. Crim. App. 2018).

[5]"The prosecutor provided notice of the State's intent to introduce evidence of these prior convictions and extraneous offenses at punishment. The prosecutor did not disclose copies of the exhibits themselves until it was time to introduce them." *Watkins*, 619 S.W.3d at 268.

[6]Normative facts were described as

those that directly impact "the factfinder's normative response to the defendant." An example of this is evidence that, beyond a reasonable doubt, the defendant previously committed an

5

Court of Criminal Appeals reversed the court of appeals' decision affirming conviction and remanded the case to the court of appeals to perform a harm analysis. *Id.*

In the present case, however, Layman does not argue that the State failed to provide any of the offered exhibits before trial. Rather, Layman complained that he only received 109 of the 127 pages of text messages that were introduced at trial. Thus, the question is whether the holding in *Watkins* applies to cases where the State produces some but not all of its trial exhibits in discovery.[7] We have been unable to find any cases considering this question. Nevertheless, we need not decide that question here, because even if the trial court erred in overruling Layman's objections, that error was harmless. *See Gray v. State*, 159 S.W.3d 95, 97 (Tex. Crim. App. 2005) (holding that any violation of Article 39.14 is subject to review for non-constitutional error).[8]

Rule 44.2(b) of the Texas Rules of Appellate Procedure provides that we are to disregard any non-constitutional trial court error unless, we find that the error affected Layman's

---

extraneous criminal offense. This is a basis upon which a jury could legitimately form a clearer opinion as to the proper punishment for the defendant's conduct. Normative facts can therefore be thought of as "fact[s] of consequence" in the punishment context.

*Id.* at 290 (quoting *Beham v. State*, 559 S.W.3d 474, 478 (Tex. Crim. App. 2018)).

[7]In *Watkins*, the State conceded that, although it provided notice of its intent to introduce evidence of the defendant's prior criminal history, it did not disclose any of the exhibits that proved that criminal history until the day of trial. Therefore, the only issue remaining was whether the documents were "material." *Id*. at 268. The Court of Criminal Appeals interpreted the term "material" as used in recent amendments to Article 39.14 of the Code of Criminal Procedure and remanded the case to the court of appeals to decide that question based on the new definition. *Id*. at 268-69. The Court did not address whether partial production of the State's exhibits violates Article 39.14.

[8]The State argues in its brief that Layman "never raised or argued" his *Watkins* argument at trial and that no *Watkins* issue is presented because "the content of the text messages were obviously 'material evidence' of 'normative facts.'" Because we find that even if the trial court had committed an error under *Watkins*, such error would be harmless, we do not address the question whether a defendant must argue that the undisclosed evidence was "'material evidence' of 'normative facts'" to the trial court to preserve that argument for appeal.

substantial rights. TEX. R. APP. P. 44.2(b). Nevertheless, the State introduced multiple text conversations where Scaramucci pretended to be the fourteen-year-old E.C., without any objection by Layman. Those text messages included the following:

- Layman asking "E.C." if she had ever performed a lap dance and if she would perform one for him;

- Layman asking if E.C. had "any turn-ons";

- Layman saying he was "going to make it [his] mission to teach [E.C.] to party";

- Layman encouraging E.C. to sneak out of the house;

- Layman asking if E.C. was a "goody goody";

- Layman trying to isolate E.C. from her parents and her peers;

- Layman asking "E.C." if she knew what "grinding"[9] was;

- Layman asking the child for pictures of herself;

- Layman suggesting that E.C. wear yoga pants because he liked women in tight pants;

- Layman asking E.C. if there was room for two persons in her shower;

- Layman asking if E.C. had ever performed oral sex;

- Layman asking how E.C. would cause him to have an erection;

- Layman stating that he wanted to "hang out" after school with E.C.;

- Layman telling E.C. she was "hot";

- Layman asking E.C. to call him Daddy;

---

[9]Scaramucci described grinding as "placing your buttocks on somebody and a body motion grinding against them" in a sexual manner.

7

- Layman suggesting that they "hook up all summer";

- Layman telling E.C. he wanted to be in a relationship with her and be her boyfriend; and

- Layman asking E.C. to masturbate him.

Clearly, the evidence before the trial court that Layman did not object to in any fashion was sufficient to support a finding that he was not a suitable candidate for community supervision. Further, none of the evidence he objected to was more prejudicial than the evidence he did not object to. Consequently, even if the trial court had erred in overruling Layman's trial objections, any such error would not have affected Layman's substantial rights, and, therefore, would be harmless.

## III. Conclusion

Accordingly, we affirm the trial court's judgment and sentence.


Ralph K. Burgess
Justice

Date Submitted:      July 7, 2021
Date Decided:       December 17, 2021

Do Not Publish