

# IN THE
# TENTH COURT OF APPEALS

## No. 10-22-00169-CR

MARY ALICE MASON,

                                **Appellant**

 v.

THE STATE OF TEXAS,

                                **Appellee**

From the 361st District Court
Brazos County, Texas
Trial Court No. 15-01613-CRF-361

## MEMORANDUM OPINION

Mary Alice Mason appeals her conviction for aggravated assault with a deadly weapon, causing bodily injury and involving family violence. Mason was accused of cutting her boyfriend with a box cutter. Because Mason's evidentiary complaint on appeal does not comport with counsel's argument at trial and because this Court will not revisit a decision by the Court of Criminal Appeals, the trial court's "Judgment of Conviction by Jury" is affirmed.

## ISSUES—EXCLUDED TESTIMONY

Mason first complains on appeal that the trial court deprived Mason of the right to present a complete defense when it excluded the testimony of a licensed clinical social worker during the guilt/innocence phase of the trial. Specifically, Mason wanted the social worker to testify that Mason had Post-Traumatic-Stress-Disorder because of her history of abuse by her boyfriend, and thus, Mason was more susceptible to a fight or flight response which, Mason argues, supports her justification for assaulting the same boyfriend with a box cutter.

We review a trial court's decision to admit or exclude expert testimony for an abuse of discretion, and we may not reverse those rulings unless they fall outside the zone of reasonable disagreement. *Blasdell v. State*, 384 S.W.3d 824, 829 (Tex. Crim. App. 2012). The proponent of evidence ordinarily has the burden of establishing the admissibility of the proffered evidence. *White v. State*, 549 S.W.3d 146, 152 (Tex. Crim. App. 2018); *Lester v. State*, 366 S.W.3d 214, 215 (Tex. App.—Waco 2011, pet. ref'd).

A hearing was held outside the presence of the jury to determine if the social worker's testimony was admissible. After initial questioning by the parties, the State objected to the social worker's proposed testimony because it was "not relevant to whether or not her actions were reasonable and whether or not her use of force was reasonable…." At trial, Mason argued and solely relied on the Court of Criminal Appeals' opinion in *Fielder v. State*, 756 S.W.2d 309 (Tex. Crim. App. 1988) for the proposition that the social worker's testimony was admissible. After hearing extensive arguments from the parties and taking time to conduct its own research, the trial court

ultimately determined:

> Here is the deal. She cannot testify in the guilt/innocence phase as to the diagnosis of PTSD or that she's more susceptible to fight or flight response.
>
> ***
>
> I'm saying you cannot put [the social worker] up there…. Period, at this stage. Mitigation, yes.
>
> ***
>
> I still find that [the social worker's] testimony is not relevant…. However, understanding *Fielder* -- and just so the record is clear if there is an appeal, *Fielder* is 756 S.W.2d 309…. There is a subsequent case, *Osby v. State*[,] 939 S.W.2d 787. That is a Court of Appeals out of Fort Worth case that has a lengthy discussion about *Fielder*. It explains in that case the codification of *Fielder* in 38.36. It further explains that in 1991 Section B was added to 38.36. In comparing 38.36, which is evidence in prosecuting him for murder and where *Fielder* followed, it talks about the facts and circumstances which is in Section A of 38.36 being relevant. That's in line with what 38.371 says, which is relevant to this case because this is evidence in a prosecution of an offense related to a member of defendant's family or household or in a dating relationship. However, in 38.36 they've added a Section B which allows for B2 which allows for relevant expert testimony regarding the condition of the mind of the defendant at the time. That section was not added in 38.371. When you compare 38.36 and 38.371, that's the only major difference I see. The facts and circumstances are allowed in murder cases, expert testimony is allowed in 38.371. In this type of case that we are before in Ms. Mason's case, there is no statutory allowed ability for expert testimony, and for that reason I am not allowing [the social worker] to testify.

On appeal, Mason does not discuss *Fielder* and does not challenge the reasoning the trial court used in excluding the testimony—that the language of *Fielder* was codified in section 38.36 and as such, the testimony provided by the social worker would have been admissible in a murder case; but the same language was not included in section 38.371, the assault/family violence provision, and thus, was inadmissible in this case—was an abuse of discretion. Instead, now on appeal, Mason only asserts that the social worker's testimony would assist the fact finder in determining whether Mason acted

reasonably.

Mason's issue on appeal does not comport with counsel's argument for admissibility made at trial or in response to the trial court's discussion and ruling. *See Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009). We are not tasked with making appellants' arguments for them. *See Lucio v. State*, 351 S.W.3d 878, 896 (Tex. Crim. App. 2011); *Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008); *Neville v. State*, 622 S.W.3d 99, 104 (Tex. App.—Waco 2020, no pet.). Accordingly, Mason's first issue is not preserved for our review and is overruled.

### — *ROYSTER-ROUSSEAU* TEST

Mason complains in her second issue that the trial court erred in *including* a lesser-included-offense instruction in the court's charge to the jury over Mason's objection. Specifically, Mason argues that the State cannot meet the second prong of the two-pronged *Royster-Rousseau* test for a lesser-included offense instruction. *See Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993); *Royster v. State*, 622 S.W.2d 442, 444 (Tex. Crim. App. 1981). Mason acknowledges that the State is not bound by the second prong of the test, *see Grey v. State*, 298 S.W.3d 644, 645 (Tex. Crim. App. 2009); however Mason believes the Court of Criminal Appeals wrongfully decided *Grey* and asks us to revisit the issue in this appeal.

As an intermediate appellate court, we are required to follow binding precedent in cases decided by the Court of Criminal Appeals. *Holloway v. State*, 621 S.W.3d 753, 761 (Tex. App.—Waco 2020, no pet.). Thus, we are not persuaded by Mason's argument to disregard the Court of Criminal Appeals' opinion in *Grey* and revisit whether the State is

bound by the second prong of the *Royster-Rousseau* test.

Mason's second issue is overruled.

**CONCLUSION**

Having overruled each of Mason's issues on appeal, we affirm the trial court's

"Judgment of Conviction by Jury."


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Wright[1]
Affirmed
Opinion delivered and filed November 2, 2023
Do not publish
[CR25]



---

[1] The Honorable Jim R. Wright, Senior Chief Justice (Retired) of the Eleventh Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.